Martin, J.
delivered the opinion of the court. This is an action brought, in the Governors name, against the sureties of an auctioneer.
The petition states that the party aggrieved has lately obtained a judgment against the auctioneer, for the amount of sundry goods de *535 livered him to sell at auction, of which no account was ever rendered and the record of the suit is referred to. It is further stated that the defendants are the auctioneer’s sureties, that he has failed and ceded his goods &c. so that the defendants are liable.
East’n District
Dec. 1816.
They have filed separate answers.
The first defendant denies the breach of any of the conditions of the auctioneer’s bond—avers that, during the whole time in which they were his sureties, and at the conclusion of it, he was largely in advance to the real plaintiffs. He denies his liability for any errors in the balance, if any existed—alleges that the accounts between these plaintiffs and the auctioneer were regularly produced and settled during that time, and that it is only since his failure, that the present claim has been exhibited, and without the knowledge or privity of this defendant.
The other denies all the facts in the petition, and avers that the claim is now prescribed and lost.
At the trial, the execution of the bond by the defendants was admitted.
Referees were appointed, who reported that, at the conclusion of the period during which the defendants were the sureties of the auctioneer, he was in advance for the real plain *536 tiffs of the sum of $ 1797 48, and had in his hands goods of theirs, part of which has been accounted for; say to the value of 3094 dollars 82 cts. the rest unaccounted for being of the value of 2453 dollars; that deducting from the aggregate of these two sums, that of which he was in advance, there remained due to the plaintiffs 3750 dollars 4 cts. at the time of his failure.
On this report, the judge â quo gave judgment for the defendants, and the plaintiffs appealed.
By consent, the report is to be received as a statement of facts, as well as the record of the suit, in which judgment was obtained by those plaintiffs against the auctioneer.
This record shews that they sued him for the amount of sundry goods, sold by him, at different times for their account. Among the papers filed in this suit (which are also referred to) is an unsigned account, by which it appears that accounts of sales were rendered by him for a small parcel of goods, amounting together to about 123 dollars, as sold, since the expiration of the time during which the defendants Were his sureties. The balance is stated as deficient in the account of sales rendered.
On these facts, the plaintiffs contend that the court below, being bound to proceed super alle gata, *537 et probata, erred in giving judgment for the defendants—that the suretiship was admitted—the receipt of goods from the plaintiffs, during the existence of the suretiship, and their remaining on hands unaccounted for at the expiration of it, fully establish the claim against the defendants, and it must prevail unless their principal has relieved them, by the return of the goods, or a disposal of them in such a manner, as may exonerate them.
Such a return or disposal is said not to be alleged.
The first part of the answer of the first defendant, which denies the breach of any condition in the bond, is not supported, it is contended, by any fact established, while the contrary appears.
2. The second part, alleging the advances made by the auctioneer, is admitted to diminish the claim, and both he and the defendants have had the benefit of it.
3. We are told, that the denial of a liability for any error in the accounts needs not be attended to; nothing being claimed on that score.
4. It is asserted that the allegation, that the accounts between the parties were duly produced *538 and settled, during the existence of the suretiship, is not proven.
5. The plaintiffs see nothing of any avail in the averment of the defendants that they were not parties in, and had no notice of, the plaintiffs’ suit against the auctioneer; as the amount of the claim is now adjusted with the defendants, and the suit against the auctioneer is brought to view, for the sole purpose of establishing the inability of the claimants to obtain any thing from their principal debtor.
Nothing, it is further contended, in the answer of the second defendant, can affect the claimants. The plea of the general issue being necessarily found against him and the allegation, that the right is prescribed and lost, senseless; the claim being at the inception of the present suit but three or four years old.
The defendants urge that the goods, which were in the auctioneer’s hands, when their suretiship expired, were left with him as a lien for the advances he had made, and to be sold by him as an auctioneer, under a new commission, which he obtained without the defendants becoming his bondsmen—that consequently his failing to account for sales made of these goods; or withholding the proceeds of such sales cannot affect the defendants, but must be visited *539 on his new sureties (if any were given) or on him alone, it he gave none.
The effect of such a sale, it is replied by the plaintiffs, cannot be considered; for the sale was not alleged, nothing appears from the pleadings, and they deny that there is any evidence of it. That there is evidence of it, in the petition of the plaintiffs against their principal debtor, in which this claim is made for goods sold at different times; and as the statement of facts shews that the goods were remaining on hand, unsold at the conclusion of the period of the defendants suretiship, the sale must necessarily have taken place afterwards, when the defendants might be answerable for the withholding of the goods, or any failure to deliver them back, but not for any waste, embezzlement or withholding of monies received on the sale of them; that tho’ a sale, contrary to, or without the plaintiffs’ order might be a tortious disposal of the goods, which might affect the defendants; they cannot now be liable, as the claimants, by suing for the proceeds of the sale, have impliedly admitted, that it was lawfully done for their account, and thus sanctioned it.
It appears to this court, that the goods of the real plaintiffs, left in the hands of the auctioneer, for the double purpose of seeming the advan *540 ces he had made, and of being sold by him, after the expiration of the time for which the defendants were his sureties, cannot be considered at the defendants’ risk.
Livingston, for the plaintiff, Turner for the defendants.
It is, therefore ordered, adjudged and decreed, that the judgment of the district court he affirmed with costs.